UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DARRELL DEVINE,                )
                               )
         Petitioner,           )
                               )
     vs.                       )    No. 4:06-CV-68 (CEJ)
                               )
JAMES PURKETT,                 )
                               )
         Respondent.           )

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's objections to the Report and Recommendation of the United States Magistrate Judge Thomas C. Mummert, to whom the matter was referred pursuant to 28 U.S.C. § 6363(b). On November 5, 2008, Judge Mummert issued a Report and Recommendation, recommending that the petition of Darrell Devine for writ of habeas corpus under 28 U.S.C. § 2254 be denied. Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes the following *de novo* determination of the portions of the report and the specified findings or recommendations to which objection is made.

**I.   Background**

On February 22, 2001, a jury in the Circuit Court of St. Charles County, Missouri, convicted petitioner of robbery in the second degree. The court found petitioner to be a prior and persistent offender and, on April 20, 2001, sentenced petitioner to a twenty-five year term of imprisonment. On June 4, 2002, the Missouri Court of Appeals affirmed petitioner's conviction and

sentence on direct appeal. State v. Devine, 80 S.W.3d 480 (Mo. Ct. App. 2002). The mandate was issued on August 21, 2002.

While his direct appeal was pending, petitioner sought post-conviction relief pursuant to Rule 29.15, Mo.S.Ct.R. On July 1, 2003, the motion court denied relief after an evidentiary hearing. On July 23, 2003, petitioner filed a motion for new trial, arguing (1) that the court erred in ruling that his claims of police and prosecutorial misconduct and suppression of exculpatory evidence were not cognizable in a proceeding for post-conviction relief and (2) that the court should grant him a new trial. On October 29, 2003, the court denied petitioner's motion for a new trial. On November 7, 2003, petitioner filed an appeal of the denial of post-conviction relief. The Missouri Court of Appeals affirmed the denial on February 8, 2005, Devine v. State, 160 S.W.3d 406 (Mo. Ct. App. 2005), and the mandate issued on May 11, 2005.

On January 13, 2006, petitioner filed the instant petition pursuant to 28 U.S.C. § 2254, asserting the following two claims:

> [His] conviction was obtained in violation of [his] rights to due process of law and the effective assistance of counsel because police officers or other state officials withheld, created, manipulated, or misrepresented evidence in [his] case, and because the state post-conviction motion court refused to grant an evidentiary hearing with respect to this claim and refused to admit into evidence and consider the robbery victim's tape recorded recantation of her prior testimony identifying [him] as her assailant.

(Doc. #1, at 7). After review, Judge Mummert recommended denying relief because petitioner's claims of state misconduct are procedurally barred and his claims of constitutional violations in

the state post-conviction proceedings were not cognizable under § 2254. Petitioner has filed an objection to Judge Mummert's Report and Recommendation, in which he readdresses the merits of his first claim. Petitioner has not objected to Judge Mummert's determination that his claim of constitutional violations in the state post-conviction proceedings are not cognizable under § 2254.

**II. Discussion**

Petitioner asserts that he is entitled to a hearing before this Court to prove his state misconduct claim. As such, petitioner urges the Court not to adopt the Report and Recommendation. Petitioner asserts that Judge Mummert's reasoning is circular because it concludes that petitioner "should not be afforded the opportunity to develop evidence of misconduct by state officials . . . because he has yet to come forward with 'evidence to support such claims.'" (Doc. # 15, at 4).

Petitioner's assertion is without merit. Section 2254 states that, "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court, a determination of a factual issue made by a State Court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). A habeas petitioner must produce clear and convincing evidence to overcome this presumption. Id. Judge Mummert noted that petitioner's allegations of state misconduct consisted of:

>  (1) Detective Morrell telling Ms. Sumpter to select number 5;

>     (2) Detective Morrell knowing that the phone calls were placed by a known offender and associate of Mr. Atkins and included an attempt to sell the phone; and
>
>     (3) Mr Tucker being shown a photographic lineup that included Petitioner's picture and not being able to select him.

(Doc. #12, at 17). Judge Mummert also noted that "Detective Morrell and Ms. Sumpter testified at the post-conviction hearing that [Ms. Sumpter] selected Petitioner's photograph from the lineup without any input from the detective. Trial counsel [both] testified that they never learned of any evidence to the contrary." Id. The Court agrees with Judge Mummert that the post-conviction court's factual finding that the testimony was credible is presumed to be correct. Petitioner claims that "[t]here is a dearth of evidence to support [his] claims." (Doc. #15, at 3). Petitioner, however, concedes that he has "yet [to] actually adduce[] evidence that would prove his claims of conviction [was] obtained" in violation of his constitutional rights. (Doc. #15, at 2). Because petitioner has provided no evidence the Court finds that petitioner has failed to rebut the presumption of correctness of the post-conviction court's findings. The Court believes that, under § 2254(e)(1), Judge Mummert's reasoning is not circular, and petitioner is not entitled to an evidentiary hearing before this Court to challenge the state court's factual findings.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Thomas C. Mummert [Doc. #12] is **sustained, adopted, and incorporated** herein.

**IT IS FURTHER ORDERED** that the petition of Darrell Devine for writ of habeas corpus [Doc. #3] is **denied**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997).

```
                         _____
                         CAROL E. JACKSON
                         UNITED STATES DISTRICT JUDGE
```

Dated this 5th day of December, 2008.